IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONTEY ALLEN LUCKEY, 435461,  )  <br>    Petitioner,               )  <br>                                )  <br>v.                              )     No. 3:09-CV-164-B  <br>                                )  <br>RICHARD THALER, Director, Texas )  <br>Dept. Of Criminal Justice, Correctional )  <br>Institutions Division,          )  <br>    Respondent.                 )  | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent Richard Thaler is the Director of TDCJ-CID.

Petitioner is currently incarcerated on two convictions. On October 17, 1986, he was convicted of burglary of a habitation and aggravated sexual assault with a deadly weapon. *State of Texas v. Montey Allen Luckey*, Nos. F86-90367-VK and F86-90972-VK (4th Dist. Ct., Dallas County, Tex., Oct. 17, 1986). He was sentenced to forty years confinement.

Petitioner does not challenge his convictions in this petition. Petitioner instead challenges the revocation of his mandatory supervised release.

**Discussion:**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner has not filed a state habeas petition challenging his revocation. He therefore has not presented his claims to the Texas Court of Criminal Appeals. Petitioner's claims should be dismissed for failure to exhaust his state remedies.

**RECOMMENDATION**

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 9th day of November, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**           Page  -3-